COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-235-CR
 
 
WALTER R. COOPER                                                              APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Walter R. Cooper of the offense of driving under the 
influence of alcohol by a minor and sentenced him to a fine of $250.  
Appellant brings a single point on appeal, arguing that the trial court erred in 
not excluding evidence of speeding and evidence obtained as a result of the stop 
and detention for speeding because the State failed to establish the validity of 
the radar device upon which it relied in determining that Appellant was 
speeding.
        On 
March 9, 2002, Appellant was stopped by Officer Berry for speeding, based on 
Appellant’s purported registered speed on a radar device as well as the 
officer’s visual observations.  After the officer stopped Appellant, the 
officer noticed signs that could indicate that Appellant had alcohol in his 
system.  Based on these signs, the officer asked Appellant to perform 
several field sobriety tests.  From the results of these tests, the officer 
formed the opinion that Appellant did, in fact, have alcohol in his system, and 
wrote him a citation for driving under the influence by a minor.
        Appellant 
pled not guilty, but was convicted by a jury and sentenced to a fine of $250, 
court costs of $52, and 20 hours of community service.
        During 
the trial, Appellant objected when the officer testified on cross-examination 
that he had determined that Appellant was speeding based on the radar device, 
arguing that the City had failed to establish the reliability of the 
radar.  Appellant’s objection was overruled, and the evidence was 
admitted.
        Appellant 
argues that because the arresting officer was not familiar with the theory 
underlying the radar and could not meet the other tests of reliability of the 
radar, the detention of Appellant was unlawful, and the fruits of the stop and 
seizure should have been suppressed.
        The 
proponent of expert testimony or evidence based on scientific theory must show 
by clear and convincing evidence that the scientific evidence is both reliable 
and relevant to assist the trier of fact.[2]  
There must be a sufficient showing that the underlying scientific theory is 
valid, that the technique applying the theory is valid, and that the technique 
has been properly applied on the occasion in question.[3]
        Radar 
is not self-proving.  While the theory behind radar is well established, 
the officer operating the radar must be able to testify that the test was 
correctly performed and must satisfy the other Kelly/Daubert factors.[4]  The officer in this case was unable to do so.  
Consequently, the radar evidence was improperly admitted.
        A 
police officer, however, is as free to follow another vehicle as any other 
citizen would be.  Whether the officer chose to follow Appellant because he 
suspected Appellant’s vehicle’s speed was excessive, or whether he chose to 
follow Appellant for any other reason, he was free to do so without voicing any 
other reasonable suspicion of crime.  The officer testified that he 
followed Appellant and clocked Appellant’s vehicle’s speed as he followed 
him.  The radar and his own observation of Appellant’s speed caused him 
to execute a u-turn and follow Appellant.  It was while following Appellant 
that the officer confirmed his speed as excessive.  Based on his own 
observations, the officer had reasonable suspicion to stop Appellant.
        Based 
on the appropriate standard of review,[5] we hold that 
the trial court did not abuse its discretion in overruling Appellant’s motion 
to suppress.  We overrule Appellant’s sole point on appeal and affirm the 
trial court’s judgment.
     
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
 
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: December 9, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  Kelly 
v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).
3.  Id. 
at 573.
4.  Daubert 
v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93, 113 S. Ct. 2786, 
2796 (1993); Kelly, 824 S.W.2d at 572.
5.  See 
Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).